UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BAHIG BISHAY, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 17-11591-ADB |
| ROBERT A. CORNETTA, et al., | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court dismisses this action.

## I. BACKGROUND

*Pro se* plaintiff Bahig Bishay brings this action under 42 U.S.C. § 1983, alleging misconduct by the Superior Court and Land Court departments of the Massachusetts Trial Court and the Honorable Robert A. Cornetta of the Superior Court.[1] According to Bishay, Judge Cornetta, the Superior Court, and the Land Court violated his rights under the Fifth, Seventh, and Fourteenth amendments in conjunction with a state court receivership matter over which Judge Cornetta presided.

Bishay represents that he was the chief executive officer and a creditor of the company in receivership. He claims that, at some point, he learned that the receiver appointed by the state had defalcated $2.7 million in cash and $1.0 million in other property owned or controlled by the company in receivership. Bishay alleges that, after he reported this misappropriation of funds and property to Judge Cornetta, in 2014 the judge issued a permanent injunction against Bishay

---

[1] Judge Cornetta is now retired.

and his wife "intending to bar Bishay and his wife from taking any legal action against [the receiver] and his accomplices on account of the defalcation of the $2.7 million in cash and $1.0 million in other property White and his accomplices disposed of without a trace." Compl. [ECF No. 10] ¶ 10. Bishay further asserts that, in December 2016, the Land Court prevented Bishay from recovering the house where he had lived with his family for thirty years. This property had allegedly been conveyed to one of the accomplices of the receiver for less than ten percent of its value.

Bishay attached to his complaint the injunction issued by Judge Cornetta in *Bell Atlantic Yellow Pages v. U.S. Auto Exchange Group LTD & Bahig Bishay*, ESCV2000-01838 (Essex Superior Ct. Mass.) *See* Compl. Ex. C [ECF No. 1-1 at 25-27]. In the order, Judge Cornetta found that:

> For a prolonged period of time Bahig F. Bishay and, more recently, his wife, Mary Costello Bishay have filed an inordinate series of prolix, duplicative and groundless motions in this matter. The Bishays have also commenced numerous civil actions throughout the Courts of the Commonwealth . . . . The overwhelming majority of the Bishays' civil actions were dismissed. The Bishays appealed the decisions adverse to them to the Massachusetts Appeals Court, the Supreme Judicial Court, the First Circuit Court of Appeals and the United States Supreme Court. Many of the motions filed in this case contain vilifications of the personal character and professional integrity of the attorneys and the parties to this case. Despite being ordered to cease filing "emergency" motions when no such emergency exists, the Bishays have refused to file their motions under Superior Court Rule 9A and continue to file "emergency" motions containing the facts and claims previously rejected by this Court.
>
> The Bishays' continued activities impose an inordinate burden on judicial personnel and the personnel of the Clerk's Offices and constitute a waste of scarce judicial resources. In addition, the Bishays' continued activities have caused the parties hereto to expend a [sic] considerable attorney's fees on frivolous and groundless claims.

*Id.* at 25-26. Judge Cornetta permanently enjoined Bishay and his wife "from filing any action at law or in equity against any party in Massachusetts state court of original jurisdiction without

first fully complying" with a pre-filing screening process conducted by the Regional Administrative Judge or his/her designee. *Id.* at 26-27. Bishay's appeal of this order was unsuccessful, as noted recently by the Supreme Judicial Court ("SJC") on August 18, 2017. *See Bishay v. Land Ct. Dep't of the Trial Court*, 477 Mass. 1032 (2017) (rescript).[2]

Shortly thereafter, Bishay filed the instant two-count complaint. In Count One, Bishay seeks a Declaratory Judgment that "the Defendants violated Article 2, 10 and 12 of the Massachusetts' Constitution; the Fifth, Seventh, and Fourteenth Amendments to the U.S. Constitution; that said 'Permanent Injunction' is a nullity, ab initio, thus unenforceable in any court within the United States." Compl. at 4 (emphases removed). In Count II, Bishay asks that this Court bar the Defendants and "any state or federal court from enjoining Bishay or his wife from bringing and maintaining legal actions in any state or federal court in Massachusetts or elsewhere." *Id.* In his prayer for relief, Bishay does not ask for damages.

Bishay filed a motion for leave to proceed *in forma pauperis* with his complaint, which motion is still pending. Also pending are Bishay's subsequent motions for entry of default, default judgment, permission to access CM/ECF, and to strike the defendants' opposition to his motion for default as well as Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

---

[2] In *Bishay v. Land Ct. Dep't of the Trial Court*, 477 Mass. 1032 (2017), the SJC affirmed the decision of a single justice denying Bishay relief under M.G.L. ch. 211, § 3. In his petition for extraordinary relief, Bishay sought relief from the trial court's denial of a motion for leave to file a proposed complaint. In affirming the decision of the single justice, the SJC held that Bishay "could have appealed to the Appeals Court from the decision of the Land Court judge denying leave to file the complaint." *Id.* at 1033. Four days after the SJC entered this order, Bishay commenced the present action.

3

## II. DISCUSSION

### A. Court's Authority to Review the Complaint

Because Bishay paid the filing fee and therefore is not proceeding *in forma pauperis*, the complaint is not subject to screening under 28 U.S.C. § 1915(e)(2). Nonetheless, a court has the inherent power to dismiss frivolous actions, regardless of the status of the filing fee. *See Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985)); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); *cf. Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989) (stating that there is "little doubt" a court would have power to dismiss frivolous or malicious actions even in the absence of a statutory provision explicitly providing for the same). Further, dismissal is appropriate where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 7 (1st Cir. 2007) (quoting *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001)). Finally, federal courts "have an affirmative obligation to examine jurisdictional concerns on their own initiative." *Irving v. United States*, 162 F.3d 154, 160 (1st Cir. 1998).

### B. *Rooker-Feldman* Doctrine

This Court is without subject matter jurisdiction to entertain what would be the functional equivalent of an appeal from a state judgment. Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction over a final judgment of a state court. *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008). In other words, the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court.'" *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 68 (1st Cir. 2008) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)); *see also D.C. Ct. of*

*Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Here, Bishay is seeking review and rejection of a state court judgment on federal and state constitutional grounds. Such a challenge must be pursued in the first instance in the state courts. Where the judgment of the highest state court depends on a question of federal law, the United States Supreme Court has jurisdiction to review the judgment. *See* 28 U.S.C. § 1257. This Court is categorically without jurisdiction to declare that Judge Cornetta's injunction was in violation of the law.[3]

### C. Failure to State a Claim under Section 1983

Even if the Court were able to exercise jurisdiction over this matter, it would be required to dismiss the complaint for failure to state a claim. Bishay seeks to vindicate his federal constitutional rights by bringing claims under 42 U.S.C. § 1983.[4] This statute, which provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," whether the claim is pursued in state or federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, because the

---

[3] While the Court is without jurisdiction to rule on the legality of Judge Cornetta's injunctive order against Bishay, the Court notes that federal courts impose similar injunctions in appropriate circumstances. *See, e.g.*, *Stefanik v. Town of Huntington*, 536 F. Supp. 2d 106 (D. Mass. 2008); *see also United States v. Gomez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005) ("Federal courts "possess discretionary powers to regulate the conduct of abusive litigants.'") (quoting *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir.1993))); *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994) ("[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989))).
[4] "[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Land Court and the Superior Court are arms of the state, *see* M.G.L. ch 218, § 1 *et seq.*, neither is a "person" within the meaning of § 1983. The same is true of any claim against Judge Cornetta acting in his official capacity.

Judge Cornetta, acting his individual capacity, is a "person" for purposes of § 1983, but a § 1983 individual capacity claim against him fails for different reasons. Any claim for damages is precluded by the doctrine of absolute judicial immunity. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) (stating that judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly"). Moreover, injunctive relief against a judicial officer in a § 1983 action is only available in two narrow circumstances: "In any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, there is no explicit or implicit suggestion that Judge Cornetta violated a declaratory decree or that declaratory relief was unavailable to Bishay in the underlying state court matter.

### D. Eleventh Amendment Immunity

Furthermore, even absent the jurisdictional bar, the Court would not be able to adjudicate several of Bishay's claims because they are barred by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment generally is recognized as a bar to suits in federal courts against a state, its departments, its agencies, and its officers acting in an official capacity, unless the state has consented to suit or Congress has overridden the state's immunity. *See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). To the extent Bishay attempts to bring

claims other than those under § 1983, they are barred by the Eleventh Amendment as to the Land Court, the Superior Court, and Judge Cornetta acting in his official capacity. Bishay does not set forth any cause of action for which Massachusetts has waived its Eleventh Amendment immunity or Congress has overridden it. *See, e.g.*, *Whalen v. Massachusetts Trial Ct.*, 397 F.3d 19, 28-30 (1st Cir. 2005) (state trial court entitled to Eleventh Amendment immunity).

## III. CONCLUSION

Accordingly:

1. The motion for leave to proceed *in forma pauperis* [ECF No. 2] is DENIED AS MOOT.

2. The defendants' request to enlarge the time for responding to the complaint [ECF No. 14] is GRANTED nunc pro tunc to October 19, 2017.

3. The defendants' motion to dismiss [ECF No. 18] is GRANTED.

4. This action is dismissed WITH PREJUDICE.

5. All other pending motions shall be terminated as moot.

**SO ORDERED.**

November 13, 2017 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE